Aaron F. Goldstein, J.
Defendant, charged with criminal possession of a dangerous drug in the fourth degree, moves to controvert a search warrant and seeks an order suppressing the evidence. The defendant contends that the reliability of the informer as set forth in the affidavit submitted by the police officer who applied for the search warrant is insufficiently demonstrated. He does not, however, dispute the accuracy of the facts in the affidavit.
Detective Thomas Kissane, a police officer attached to the Narcotics Bureau of the City of New York, in his affidavit states that a confidential informer contacted him and his partner and that this informer had not prior to this occasion proven his reliability. The informer told both officers that the defendant was using narcotics and that there were nine other individuals involved in the use and sale of marijuana in the Jackson Heights area of Queens, identifying each of these individuals by name. An undercover detective assigned to the Narcotics Bureau and personally known to the affiant to be a police officer was assigned to operate with the informer. As a result of the information given by the informer, the undercover agent made purchases of narcotics from six of the nine persons named.
*846 On three separate occasions, the undercover detective engaged in conversations with the defendant, at which time the defendant stated that he was a marijuana user and kept his supply at home where he usually used it. On one of these occasions, the informer was also present during the conversation between the defendant and the undercover detective. The latter kept the affiant and his partner informed of each development. With respect to the last conversation mentioned, the undercover detective told the affiant that on this occasion the defendant had stated in the presence of both himself and the informer that he not only used marijuana, but also used “Downs”, a variety of barbiturate pills.
The affiant submitted his application for a search warrant to a Judge of this court after being told by the informer that the latter had that morning observed the defendant under the influence of narcotics. The warrant authorized a search of the home and person of the defendant. The defendant was apprehended in the street and searched, pursuant to such warrant, and there was found in his jacket pocket a manila envelope containing marijuana, such envelope being in a regular cigarette package. It is this envelope and its contents which defendant seeks to suppress on the ground of the insufficiency of the affidavit of Detective Kissane.
I find that the affidavit was sufficient in all respects. The undercover detective had sufficient probable cause, predicated upon his conversations with the defendant, to believe that the defendant was a user of narcotics and regularly had narcotics in his possession. His knowledge was a sufficient basis for a warrant applied for by any fellow-officer engaged in the investigation. In United States v. Ventresca (380 U. S. 102, 111), the United States Supreme Court held that “ Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number ”.
The defendant claims that the affidavit is insufficient because it is based on hearsay upon hearsay. Such claim is without merit, because of the fact that the knowledge of a police officer given to a fellow police officer does not fall within the hearsay rule. As stated in United States v. McCormick (309 F. 2d 367, 372): “ In the functioning of an organization such as the Federal Bureau of Investigation, it is reasonable to assume that its agents in one locality must rely upon information communicated to them by agents of the same organization operating in other localities in the performance-of their official duties. We refuse to hold that such information, when com *847 municated in the course of official business by the agents among themselves, is excluded by the hearsay rule, so as to require the quashing of a search warrant issued upon the affidavit of one of the agents setting forth his reliance upon such information.”
Defendant, in support of his contention, cites People v. Horowitz (21 N Y 2d 55). Horowitz is clearly distinguishable since, in that, case, the only source of information which led to the search and seizure of the fruits of a crime was an anonymous telephone call to the police with the identity of the caller not known to the police either at that time or at any subsequent time.
The affidavit of Detective Kissane would be sufficient even if reliance for probable cause stemmed only from the information supplied by the confidential informer. Even though at the time that the informer first made contact with the police, his reliability had never been established, subsequent events were sufficient to establish his reliability as, for example, the fact that he identified six persons by name from whom the undercover detective made purchases of narcotics. All this occurred prior to the time that the affidavit was submitted to the Judge, since such affidavit recites the occurrence of these events. Hence, the affidavit would be sufficient if only based upon the reliability of the informer. Defendant cites People v. Malinsky (15 N Y 2d 86). Such case is clearly distinguishable because there, no basis was presented by the prosecution for determining the reliability of the informer outside of the police officer stating in his affidavit that the informer was reliable and, furthermore, there was an absence of any independent corroboration of the informer’s information. Hence, the court concluded in Malinsky that there was no showing of probable cause in the absence of the availabilty of the unknown informer for examination by the defendant. Here, the basis of reliability of the informer together with the independent corroboration by the police is clearly established.
Probable cause being thus overwhelmingly demonstrated, the motion is denied in all respects.